UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

LAROI BRYANT,

        Plaintiff,

  v.                      Case No. 20-C-631

KEVIN TYLER,

        Defendant.

## ORDER OF DISMISSAL

Plaintiff Laroi Bryant, who is currently representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated while in custody at the Milwaukee County Jail. Defendant filed a motion for summary judgment on February 1, 2021. The Court entered a Notice of Filing and Order for Response on February 2, 2021. The Notice was returned as undeliverable on February 16, 2021, and the Milwaukee County Jail confirmed that Plaintiff had been released in January. The Jail had no forwarding information for Plaintiff at the time. On February 17, 2021, the Court entered an Order directing Plaintiff to notify the Clerk of Court's office of any change in his address by March 10, 2021. The Court informed Plaintiff that a failure to do so could affect his legal rights. To date, Plaintiff has failed to update his address with the Court.

Federal Rule of Civil Procedure 41(b) provides for involuntary dismissal for failure to prosecute an action or to comply with court orders. Plaintiff's failure to comply with the Court's order that he notify the Clerk of Court of any change in his address has stalled the litigation of this case. While no case should be dismissed for failure to prosecute without a warning to the plaintiff,

*Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000), the Court specifically warned Plaintiff in its initial screening order that his failure to update his address could result in dismissal. Dkt. No. 9 at 5. Unfortunately, advanced warning has proven ineffective. Even if Plaintiff did not receive the Court's more recent warning because of the change in his address, plaintiffs "may not hide behind a court's inability to warn him of impending dismissal when their own actions make such a warning impossible." *In re Ericson*, 175 F. App'x 58, 60 (7th Cir. 2006). A *sua sponte* dismissal of an action with prejudice may be justified by a plaintiff's apparent abandonment of a case. *See Washington v. Walker*, 734 F.2d 1237, 1240 (7th Cir. 1984). Under the circumstances of this case, I am satisfied that the action of dismissal with prejudice is appropriate.

    **IT IS THEREFORE ORDERED** that Plaintiff's action is **DISMISSED WITH PREJUDICE** for failure to prosecute.

    **IT IS FURTHER ORDERED** that Defendant's motion for summary judgment (Dkt. No. 26) is **DENIED as moot**.

    **IT IS FURTHER ORDERED** that Defendant's motion to restrict (Dkt. No. 25) is **GRANTED**.

    **IT IS FURTHER ORDERED** that the Clerk enter judgment accordingly.

    Dated at Green Bay, Wisconsin this 15th day of March, 2021.

                                                s/ William C. Griesbach
                                                William C. Griesbach
                                                United States District Judge